UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, individuals, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., a corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-02113-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

On August 15, 2014, Juan Orozco and Juan Orozco-Briseno (collectively "Plaintiffs") filed a First Amended Class Action Complaint ("Complaint") against Illinois Tool Works, Inc. ("Defendant") in the Superior Court of California, County of Sacramento. The Complaint alleges the following causes of action: (1) unfair business practices; (2) failure to pay overtime; (3) failure to issue accurate itemized wage statements; and (4) failure to pay wages due at separation of employment. ECF No. 1-1. The Complaint also seeks relief pursuant to California's Private Attorney General Act of 2004. Id. On September 12, 2014, Defendant removed the case to this Court

pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  ECF No. 1. Presently before the Court is Plaintiffs' Motion to Remand ("Motion") the case to state court.  ECF No. 6.  For the following reasons, the Motion is DENIED.[1]

## BACKGROUND[2]

Plaintiffs filed the present action on behalf of themselves and a "California Class," defined as all individuals who are or previously were employed by Defendant in California as non-exempt, hourly workers during the period beginning four years prior to the filing of the initial complaint.  Plaintiffs allege, among other things, that Defendant "as a matter of company policy, practice and procedure, intentionally, knowingly, and systematically failed to compensate [Plaintiffs] and other members of the California Class at the correct rate of pay for all overtime hours worked."  ECF No. 1-1 at 6. Plaintiffs also allege that Defendant had and has a "uniform policy and practice of denying Plaintiffs uninterrupted, off duty thirty (30) minute meal breaks each day."  Id. at 8 (emphasis added).  Additionally, Plaintiffs claim that Defendant's employees were "systematically, intentionally and uniformly subjected to Defendant's company policy, practices and procedures. . . ."  Id. at 17.

## STANDARD

When a party brings a case in state court in "which the district courts of the United States have original jurisdiction," the defendant may remove it to the federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The removal statute is "'strictly construed, and a 'defendant seeking removal has the burden to

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local Rule 230(g); ECF No. 10.

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint.  ECF No. 1-1.

1 establish that removal is proper and any doubt is resolved against removability.'" Hawaii
2 ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014). "A
3 plaintiff who contests the existence of removal jurisdiction may file a motion to remand,
4 see 28 U.S.C. § 1447(c)." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014).
5      "Federal jurisdiction under CAFA has three elements:  (1) there must be minimal
6 diversity between the parties, (2) the proposed class must have at least 100 members
7 and (3) the amount in controversy must 'exceed[ ] the sum or value of $5,000,000.'"
8 Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting
9 28 U.S.C. § 1332(d)).  In calculating the amount in controversy, a court must assume
10 that the allegations in the complaint are true and that a jury will return a verdict for
11 plaintiffs on all claims alleged.  Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199,
12 1205 (E.D. Cal. 2008).  Moreover, the claims of class members may be aggregated to
13 determine whether the amount in controversy requirement has been satisfied.  Id.
14 § 1332(d)(6).  In a CAFA case, "the proper burden of proof imposed on a [removing]
15 defendant to establish the amount in controversy is the preponderance of the evidence
16 standard."  Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013)
17 (holding that the "legal certainty" test was no longer viable).

## ANALYSIS

21      Plaintiffs do not dispute that this matter has been pled as a class action involving
22 more than 100 class members or that minimal diversity exists between the parties.
23 Accordingly, the only question before the Court is whether Defendants have established
24 by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.
25 See 28 U.S.C. § 1332(d)(6); Rodriguez, 728 F.3d at 977.  In its Notice of Removal,
26 Defendant contends that the total aggregate potential liability based on Plaintiffs' claims
27 regarding meal breaks and rest periods alone exceeds the statutory requirement.[3]  ECF

---

28 [3] Defendant had the opportunity to provide evidence and calculations regarding Plaintiffs' other

No. 1 at 12. In support, Defendant attached a spreadsheet ("Exhibit A") containing data regarding all members of the California Class, including Plaintiffs. See ECF No. 1-7 at 5-52. Exhibit A contains, among other things, the identification numbers, dates of hire, work locations, and hourly rates of pay of California Class members. See id. Plaintiffs do not dispute the authenticity of Exhibit A. Defendant thus appropriately relies on Exhibit A to calculate its potential liability based on the meal break and rest period claims. The Court addresses each of those calculations in turn.

In the Complaint, Plaintiffs allege that they and every other class member were denied "off duty thirty (30) minute meal breaks each day." ECF No. 1-1 ¶ 17. For each of the years at issue, Defendant used the California Class members' actual rates of pay and assumed that each member was entitled to "just one additional hour of pay for each workweek" based on the alleged missed meal periods.[4] ECF No. 1-6 at 4-5 (emphasis removed). For instance, Defendant provided evidence that 800 California Class members worked at least 29,578 workweeks in 2010. Id. at 4. According to Defendant, using the assumptions outlined above, Defendant's total potential liability for 2010 amounts to $595,434. Id. Defendant performed similar calculations for each succeeding year and calculated its total potential liability for 2011 at $761,814; for 2012 at $650,397; for 2013 at $502,385; and for 2014 at $204,086. Id. at 4-5. Thus, Defendant calculates its total potential liability for missed meal periods is $2,714,117. Id. at 4.

Utilizing the same actual rates of pay and same assumption that California Class members were each entitled to one additional hour of pay for each workweek, Defendant performed similar calculations to arrive at its total potential liability based on Plaintiffs' claim regarding missed rest periods. Id. at 5-6. As such, Defendant arrived at the same $2,714,717 amount. Id. Together, then, Defendant calculates its total potential liability

---

claims for relief but chose not to do so. Accordingly, the Court will not speculate as to the potential monetary value of Plaintiff's other claims.

[4] The Complaint demands one hour of pay for each workday in which an off-duty meal break or rest period was not provided. ECF No. 1-1 ¶¶ 50-51.

4

based on Plaintiffs' meal and rest period claims at $5,428,234, which exceeds the $5,000,000 CAFA jurisdictional threshold.

Plaintiffs take issue with Defendant's assumed violation rate, i.e., that each class member would be entitled to one additional hour of pay for each workweek on the meal period and rest period claims, respectively.  Conversely, Defendant argues the assumed rate is in fact conservative based on Plaintiffs' allegations as laid out in the Complaint. Defendant has the better argument.  For instance, Plaintiffs allege that Defendant violated various provisions of the California Labor Code through a "uniform policy and practice" that "uniformly violated" Plaintiffs' rights.  ECF No. 1-1 ¶¶ 6, 27.  Even more specifically, Plaintiffs allege that "DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by . . . failing to provide mandatory meal [periods] . . . to the PLAINTIFFS and the CALIFORNIA CLASS members," id. ¶ 27(c), and further contend that they suffered damages "as a direct result of DEFENDANT'S uniform policy and practice of denying PLAINTIFFS uninterrupted, off duty thirty (30) minute meal breaks each day."  Id. ¶ 17 (emphasis added).  Based on Plaintiffs' allegations, the Court finds appropriate Defendant's assumption that each class member would be entitled to one additional hour of pay for each workweek based on the meal period claim.

The issue is not quite as clear with regard to Plaintiffs' rest period claim, as the Complaint does not contain a commensurately explicit allegation as that described above.  However, based on Plaintiffs' allegations regarding Defendant's systematic and uniform policy and practice of violating each of Plaintiffs' rights by failing to provide required rest periods, the Court finds that Defendant's calculations regarding that claim too are reasonable.  See, e.g., Sanchez v. Capital Contractors Inc., 2014 WL 4773961, at *3 (N.D. Cal. Sep. 22, 2014) (denying remand where plaintiffs alleged violations occurred "systematically" and defendant assumed each class member missed one meal and one rest break each workweek); Jasso v. Money Mart Exp., Inc., 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (holding that defendant's estimation of "one violation per

week" was reasonable where plaintiffs alleged Labor Code violations occurred under a "uniform policy and scheme" and took place "at all material times").

Plaintiffs also take issue with Defendant's reliance on the number of workweeks worked, rather than the days worked by each employee, and argue that the assumptions are improper because Defendant failed to demonstrate that each affected employee worked enough hours during every shift to justify a meal or rest break. These contentions perhaps would have had some force under the previously viable "legal certainty" test. However, following Rodriguez, Defendant must only demonstrate by a preponderance of the evidence that the aggregate amount in controversy exceeds $5,000,000, and thus the Court finds Plaintiffs' contentions unpersuasive. The Court finds that Defendant has met its burden of demonstrating that the amount in controversy exceeds $5,000,000 and thus the Court has jurisdiction pursuant to CAFA.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, ECF No. 6, is DENIED.

IT IS SO ORDERED.

Dated:  January 29, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT