UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, individuals, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., a corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-2113-MCE-EFB<br><br><br><br>ORDER |

This case was before the court on October 14, 2015, for hearing on plaintiffs' motion to compel defendant's responses to discovery requests and to produce its person most knowledgeable for deposition. ECF No. 25.  Attorney Victoria Rivapalacio appeared on behalf of plaintiffs; attorney Thomas Hill appeared on behalf of defendant.  After the hearing, plaintiffs submitted a proposed order, which the court, after making minor modifications, approved and issued. ECF No. 31.  Defendant subsequently filed a request for reconsideration by the assigned district judge, in which it argued, among other things, that the order issued by the court was an improper *ex parte* communication because plaintiffs failed to serve defendant with a copy of the proposed order. ECF No. 32 at 11-15.  In light of plaintiffs' failure to serve defendant with a

1

copy of the proposed order, the court vacated its order on the motion to compel, directed plaintiffs to file and serve defendant with a copy of the proposed order, and provided defendant an opportunity to file a response to the proposed order.  ECF No. 33.  Plaintiffs have since filed a proposed order (ECF No. 34), and defendant has filed objections thereto (ECF No. 35).  Having considered the parties' joint statement (ECF No. 26), the arguments made at the October 14 hearing, as well as the proposed order submitted by plaintiffs and defendant's objections, the court now enters the following order.

      For the reasons stated on the record, plaintiffs' motion to compel is granted in part and denied in part as follows:

      1.  The motion is denied without prejudice as to Requests for Production numbers 6 and 8;

      2.  The motion is denied with prejudice as to plaintiffs' Special Interrogatories numbers 10-13 and Requests for Production of Documents numbers 9 and 11.

      3.  The motion is granted as to Requests for Production of Documents numbers 2 and 4.  Within 7 days of the date this order is served, defendant shall produce, in electronic format, the information that was used to calculate the plaintiffs' wages and used to generate the plaintiffs' itemized wage statements and corresponding paychecks.  To the extent no such responsive documents exist, defendant shall provide a verified certification, completed by an individual with personal knowledge, stating that no such documents exist.

      4.  The motion is granted as to plaintiffs' Request for Production of Documents number 3.  Within 7 days of the date this order is served, defendant shall produce plaintiffs' itemized wage statements in the form in which they were issued to plaintiffs at the time of the issuance of their corresponding paychecks.  To the extent defendant has already produced all documents responsive to this request, defendant shall provide a verified certification, completed by an individual with personal knowledge, stating that no further responsive documents exist.

      5.  The motion is granted as to plaintiffs' Request for Production numbers 12 and 13.  Defendant shall produce all responsive documents within 7 days of the date this order is served.

      6.  Plaintiffs' motion is granted in regards to their request to compel the deposition of defendant's Rule 30(b)(6) witness(es).  The deposition(s) may cover the issues of rest and meal

breaks, as well as premium pay.  Defendant is not required to produce a witness to answer questions regarding overtime pay.

So Ordered.

DATED:  December 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE