UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., a corporation and Does 1 through 50, Inclusive,<br><br>Defendants. | No. 2:14-cv-02113-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

In this wage and hour class action, Plaintiffs Juan Orozco and Juan Orozco-Briseno ("Plaintiffs") propounded discovery requests on Defendant Illinois Tool Works ("Defendant") that sought information regarding the policies for providing meal and rest periods to its California employees. After Defendant failed to produce those policies, Magistrate Judge Edmund F. Brennan issued an order compelling Defendant to do so. ECF No. 38. Presently before the Court is Defendant's Request for Reconsideration of the Magistrate Judge's Order ("Request"). ECF No. 39. Because the Magistrate Judge's order is not clearly erroneous or contrary to law, Defendant's Request is DENIED.

# BACKGROUND[1]

Plaintiffs are former material processors who worked for the ITW Rippey Corporation ("Rippey"), one of Defendant's more than forty business facilities in California. The Rippey facility is Defendant's only facility in California that manufactures PVA brush rollers used for cleaning semi-conductors. The manufacturing process for the PVA brush rollers requires material processors at the Rippey facility to wear hazmat-type protective gear. The hazards of the manufacturing process at the Rippey facility sometimes prevent material processors from taking their scheduled meal and rest breaks.

Plaintiffs assert claims for failure to provide meal periods and rest periods or compensation in lieu thereof, on behalf of a statewide class of employees. During the course of discovery, Plaintiffs have sought information regarding Defendant's statewide policies for providing employees with meal and rest breaks. Defendants have not entirely complied with these requests.

On December 8, 2015, the Magistrate Judge issued an order compelling Defendant to provide further responses to Plaintiffs' discovery requests regarding Defendant's statewide policies for employees' meal and rest breaks. See ECF No. 38 at 2-3 (compelling further responses to request numbers 2, 3, 4, 12, and 13); ECF No. 26 at 33-43 (specifying that request for production 2 constitutes all payroll records for Plaintiffs, request for production 3 constitutes Plaintiffs itemized wage statements, request for production 4 constitutes records of hours worked by Plaintiffs, and documents 12 and 13 constitute Defendant's policies for providing meal and rest periods to the putative class members). Defendant seeks reconsideration of this aspect of Judge Brennan's order.[2]

---

[1] The following recitation of facts is taken, sometimes verbatim, from Defendant's Request for Reconsideration and Plaintiffs' Opposition thereto. See ECF No. 39 (Defendant's request); ECF No. 40 (Plaintiff's Opposition).

[2] The Magistrate Judge's order denied other aspects of Plaintiffs' Motion. Neither party has

**STANDARD**

A magistrate judge's determination in a non-dispositive matter is entitled to significant deference by the reviewing District Court. United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001).  The factual determinations made by a Magistrate Judge in a non-dispositive matter are assessed under the "clearly erroneous" standard, while the legal conclusions that underlie a Magistrate Judge's decision are judged under the "contrary to law" standard.  E.D. Cal. Local Rule 303(f); Yent v. Baca, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002); Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. Feb. 23, 1999).

**ANALYSIS**

When discovery is sought "to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of class allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985) (emphasis added).  In partially granting Plaintiffs' motion, the Magistrate Judge found that Plaintiffs satisfied the latter part of Mantolete. ECF No. 30 at 11.

**A.    The Magistrate Judge's Decision was not Clearly Erroneous**

A magistrate judge's factual findings are "clearly erroneous" only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Yent, WL 32810316, at *2; Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622, 113 S. Ct. 2264, 2279, 124 L. Ed. 2d 539 (1993); United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L. Ed. 746 (1948).

requested reconsideration of that part of the order.

The Magistrate Judge determined that because there was "certainly a prima facie case" as to Defendant's meal and wage policies at the Rippey facility where Plaintiffs were employed, it would not be "unreasonable to infer that the same practice and culture was occurring at the other California plants." ECF No. 30 at 10.  The Magistrate Judge also accepted Plaintiffs' argument that Defendant's statewide policy documents relating to meal and rest breaks are the documents most likely to substantiate Plaintiffs' class allegations. Id. at 11.  As a result, the Magistrate Judge ordered further responses to Plaintiffs' discovery requests regarding Defendant's statewide policies for meal and rest breaks. Id. at 12; ECF No. 38 at 2.

Defendant's Request has not left the Court with the "definite and firm conviction" that the Magistrate Judge erred in ordering Defendant to produce its statewide policies for meal and rest breaks. Concrete Pipe, 508 U.S. at 622.  The order was correctly limited by only compelling responses to requests concerning Defendant's statewide policies for affording employees with meal and rest breaks.  ECF No. 30 at 11-12. Plaintiffs were only employed at one of Defendant's California facilities.  ECF No. 39 at 2.  Through their experience, Plaintiffs showed that Defendant prioritized the efficiency of its output over the legal requirements mandating meal and rest periods for employees at Defendant's Rippey facility.  ECF No. 40 at 5.  Because it is reasonable to infer that Defendant's other business units also prioritize efficiency over meal and rest breaks, the Magistrate Judge's finding that the requested discovery will likely substantiate Plaintiffs' class allegations is not clearly erroneous.  ECF No. 30 at 10-11.

**B.     The Magistrate Judge's Decision was not Contrary to Law**

A Magistrate Judge's order is "contrary to law" if it does not apply or misapplies relevant case law or procedural rules. Yent v. Baca, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

The Magistrate Judge considered and applied the relevant case law in ordering further responses to Plaintiffs' discovery requests. See ECF No. 30 at 10-11 (acknowledging the Mantolete test, determining that Plaintiff made a prima facie showing

of the meal and rest breaks policy at the Rippey facility, and accepting Plaintiffs' argument that Defendant's statewide policies for affording employees with meal and rest breaks at the remaining California facilities will likely substantiate the class allegations). Furthermore, although plaintiffs are not always entitled to discovery prior to class-certification, the Ninth Circuit has held that "the better and more advisable practice for a District Court is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). Furthermore, it is proper to afford plaintiffs with "enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." Id.

During the hearing on Plaintiffs' Motion to Compel, the Magistrate Judge indicated that Plaintiffs should be given "access to the same information so they can make the same comparison(s)" as Defendant in relation to Defendant's policies for meal and rest breaks. ECF No. 30 at 9. It also appears that Judge Brennan's reason for compelling further discovery was primarily, if not solely, to determine if Plaintiffs' class allegations can be substantiated. See id. at 12 (limiting discovery to Defendant's policies for meal and rest breaks and denying further discovery "until we see what is learned from the statewide discovery as to these topics."). The Magistrate Judge's decision was therefore consistent with the law.

## CONCLUSION

The Magistrate Judge's decision to partially grant Plaintiffs' Motion to Compel was not clearly erroneous or contrary to law. Accordingly, Defendant's Request for Reconsideration (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated: February 4, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT