UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, individuals, on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ILLINOIS TOOL WORKS INC., a corporation, and Does 1 through 50, inclusive,<br><br>    Defendants. | No. 2:14-cv-2113-MCE-EFB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case was before the court on April 6, 2016, for hearing on plaintiffs' motion to compel defendant to provide further responses to plaintiffs' discovery requests. ECF No. 46. Attorney Victoria Rivapalacio appeared on behalf of plaintiffs; attorney Christina Tellado appeared on behalf of defendant. As stated on the record, plaintiffs are entitled to statewide discovery, and plaintiffs' motion to compel is granted as to plaintiffs' Special Interrogatories, Set One, Number 6; Request for Production of Documents, Set 1, Number 8; and Request for Production of Documents, Set 2, Numbers 1-5.

The court submitted the balance of plaintiffs' motion and, for the reasons stated below, plaintiffs' motion is granted as to the remaining discovery requests at issue.

I. <u>Background</u>

Plaintiffs bring this action class action lawsuit against defendant Illinois Tool Works, Inc., alleging claims for (1) unfair business practices, (2) failure to pay overtime, (3) failure to issue accurate itemized wage statements, and (4) failure to pay wages due at separation of employment. First Am. Compl. (ECF No. 1-1). The amended complaint also seeks relief under California's Private Attorney General Act of 2004. *Id*. at 34-35.

Plaintiffs allege that defendant manufactures and services equipment for the automotive, construction, electronics, food/beverage, packaging, power systems, decorative surfaces, and medical (adhesive) industries. ECF No. 1-1 ¶ 2. The company has operations in 58 countries and employs approximately 60,000 employees. *Id*.

The named plaintiffs were employed by defendant between 2010 and 2013 as non-exempt employees and paid on an hourly basis. *Id*. ¶¶ 3, 4. They bring this action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by defendant in California classified as non-exempt employees and paid on an hourly basis (the "California Class") at any time within the four years prior to the filing of the complaint. *Id*. ¶ 5. Plaintiffs allege that defendant failed to pay class members overtime wages, provide accurate wage statements, and provide off-duty meal and rest breaks. *Id*. ¶¶ 12-15. Plaintiff's second, third, and fourth causes of action are brought on behalf of a sub-class, which is defined as all members of the California Class who were paid on an hourly basis at any time during the period three years prior to the filing of the complaint. *Id*. ¶ 32.

On March 9, 2016, plaintiff filed the instant motion to compel defendant to provide further responses to discovery requests. ECF No. 46. The balance of the motion taken under submission concerns plaintiffs' discovery requests seeking (1) documents containing job duties for supervisors of proposed class members; (2) corporate and shareholder minutes regarding policies for class members' compensation, recording time worked, and taking meal and rest breaks; and (3) a contention interrogatory requesting information regarding plaintiffs' meal and rest periods. Joint Statement (ECF No. 47) at 59-70.

/////

II      Discussion

    A.      Standard

Federal Rule of Civil Procedure ("Rule") 26(b) provides that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense." Further, relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Ibanez v. Miller*, No. CIV S-06-2668 JAM EFB P, 2009 WL 1706665, at *1 (E.D. Cal. Oct. 22, 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Moreover, "[t]he question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Id*. (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)).

All class actions in federal court must meet the prerequisites of Rule 23(a). There are four prerequisites: numerosity (The class must be so numerous that joinder of all members individually is "impracticable"); commonality (There must be questions of law or fact common to the class); typicality (The claims or defenses of the class representative must be typical of the claims or defenses of the class); and adequacy of representation (The person representing the class must be able fairly and adequately to protect the interests of all members of the class). Fed. R. Civ. P. 23(a)(1)-(4). Additionally, the action has to fit into one of the "types of class actions" delineated in Rule 23(b). Fed. R. Civ. P. 23(b) (" A class action may be maintained if Rule 23(a) is satisfied and if: (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy . . . .").

When a purported class action is filed, the court must determine whether the purported class should be allowed to proceed as such via a class certification motion. Fed. R. Civ. P. 23(c)(1). The party seeking class certification bears the burden of establishing the certification requirements of Rule 23. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs will have to make a prima facie showing of each of the 23(a) prerequisites and the appropriate 23(b) ground for a class action. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). Plaintiffs' burden will be to produce evidence by affidavits, documents or testimony establishing each requirement. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982). Circumstantial or anecdotal evidence, such as declarations from would-be class members, may be used to establish the Rule 23 factors. *Dukes*, 509 F.3d at 1182 (number of declarations presented need not be "statistically significant" – 120 declarations submitted in support of motion out of potential 1.5 million member class). Therefore, plaintiffs are generally entitled to discovery on class certification factors pre-certification. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978).

The Ninth Circuit has held that "[a]lthough in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Montolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (same); *but see Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) ("[T]here is nothing in

Doniger and Mantolete that suggests that a prima facie showing is mandatory in all cases, and it very well may be the case that courts routinely do not require such a showing. However, it is clear that a court has discretion to decide whether to require the prima facie showing that was approved in Doniger and Montolete.")

In a more recent case, the Ninth Circuit reviewed its prior cases concerning pre-certification discovery and held that "[o]ur cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009). The Vinole court further found that "[d]istrict courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." 571 F.3d at 942. However, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Id*.

      B.      Plaintiffs' Discovery Requests

            1.      Job Duties For Supervisors

Plaintiffs' Request for Production of Documents, Set 2, Number 5 requests that defendant produce documents detailing the job duties for individuals that supervised the proposed class members. ECF No. 47 at 59.

Plaintiffs contend that supervisors' job descriptions are discoverable because they are relevant to the issue of commonality. *Id*. At the hearing, plaintiffs' counsel explained that plaintiffs were denied meal and rest breaks and that it was the supervisors' responsibility for determining when meal and rest breaks would be taken. Counsel further explained that descriptions of the job duties are necessary to show that the supervisors for all proposed class members were also responsible for scheduling meal and rest breaks and that such breaks were scheduled based on business requirements and needs and not legal requirements.

The court finds that job descriptions for supervisors of potential class members is relevant to the issue of whether there is common issues of fact among the proposed class members. Specifically, production of documents detailing the job descriptions for supervisors may show

that supervisors were directed to schedule breaks in accordance with business needs rather than in compliance with California law. Such documents would show that the proposed class members were similarly treated based on a uniform policy and that there are common questions of fact to the class. *See Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("Claims alleging that uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are hour laws are of the sort routinely, and properly, found suitable for class treatment.").

Defendant argues that plaintiff's motion to compel production of supervisors' job duties should be denied because (1) the request is overbroad and unduly burdensome and (2) plaintiffs are not entitled to statewide discovery. ECF No. 47 at 60-61. Defendant, however, provides no explanation, let alone evidence, for its contention that production of the policies is unduly burdensome. Further, defendant's argument that the request is overbroad relies on its premise that plaintiffs are not entitled to statewide discovery. *Id*. at 61. However, for the reasons stated at the hearing, the court finds that statewide discovery is appropriate in this case.

Accordingly, plaintiffs' motion to compel is granted as to Request for Production of Documents, Set 2, Number 5.[1]

### 2. Corporate and shareholder minutes

Plaintiffs' Request for Production of Documents, Set 2, Numbers 9-14 request that defendant produce corporate and shareholder minutes regarding policies for class members' compensation, recording hours worked, and meal and rest breaks. ECF No. 47 at 64-67. Plaintiffs contend that such documents are also relevant to the issue of commonality.

As argued by plaintiffs, uniform policies regarding wage and rest periods are relevant to the issue of whether other members of the proposed class were subject to similar treatment. *See Brinker Restaurant Corp.*, 53 Cal. 4th at 1033. The minutes addressing issues of compensation,

---

[1] Defendant did not agree to make available documents evidencing supervisors' job descriptions as they relate to meal and rest breaks. To the extent evidence as to duties related to meal and rest breaks can be separated from the other evidence of duties not relevant to this ligation, such production may be submitted. However, defendant is ordered to provide all responsive documents that bear on supervisor duties that relate to meal and rest breaks.

recording of hours worked, and rest breaks are relevant to whether the proposed class members were all subjected to a common policy that violated wage and hour laws. Accordingly, such information is relevant to the issue of commonality.

Defendant contends, however, that it should not be required to produce minutes from corporate and shareholder meetings because the minutes contain defendant's proprietary information, the disclosure of which would harm defendant if it was released to its competitors. The requests, however, are limited only to issues regarding compensation, recording time worked, and meal and rest breaks, and to the extent minutes on these subjects includes proprietary information. To the extent the minutes contains proprietary information on other topics, such information could easily be redacted. Furthermore, should minutes cover the relevant topics include proprietary information, such information could be adequately safeguarded by producing the documents pursuant to a protective order.[2] *See In re Heritage Bond Litigation*, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004) (finding that privacy concerns can be adequately protected by a protective order). Thus, defendant's privacy concerns do not justify its failure to produce responsive documents.

Accordingly, plaintiffs' motion to compel is granted as to Request for Production of Documents, Set 2, Numbers 9-14.

### 3. Contention Interrogatory

Plaintiffs also move to compel further responses to their Special Interrogatory, Set 2, Number 18, which requests that defendant state all facts supporting its denial of four requests for admissions. ECF No. 47 at 61-71. The relevant requests for admissions asked defendant to admit that employees on a material processing crew at Defendant's Rippey plant were regularly denied meal and rest periods and that such breaks were taken in accordance with the dictates of the manufacturing process and not legal requirements. ECF No. 47-1 at 54-56.

Defendant does not dispute that the interrogatory seeks relevant, discoverable information. Rather, relying on *In re Convergent Techs. Sec. Litg.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985),

---

[2] At the hearing, the parties were ordered to meet and confer regarding a proposed protective order and to submit such a proposal to the court for its review.

defendant argues that plaintiffs are not entitled to broad contention interrogatories at this point because "courts generally disallow contention interrogatories when they are brought early in the pretrial period, before discovery is substantially completed, unless they are justified by propounding party." ECF No. 47 at 63-64.  Defendant further contends that California courts show "'considerable skepticism' to broad contention interrogatories, as were served here, [which] 'simply track all the allegations in an opponent's pleading.'"  ECF No. 47 at 63.

Here, the interrogatory only concerns four requests for admissions, all of which focus on the narrow issue of whether meal and rest periods were taken in accordance with the dictates of the manufacturing process rather than in compliance with the law.  *See* ECF No. 47-1 at 54-56. Thus, there is no basis for defendant's contention that plaintiffs are seeking broad contention interrogatories.  Further, defendant's argument ignores the procedural posture of this case. Discovery regarding class certification is not in its infancy.  The discovery deadline for completing class discovery was originally set for January 11, 2016, but was subsequently extended to April 11, 2016.  Thus, the close of class discovery is right around the corner.

Defendant's argument that the interrogatory is inappropriate has no merit.  Accordingly, plaintiffs' motion to compel is granted as to Special Interrogatory, Set 2, Number 18.

### C. Modification of Court's Scheduling Order

As indicated above, the court's scheduling order provides that all discovery is to be completed by April 11, 2016.  ECF No. 37.  It is apparent that defendant will not be able to complete its production required by this prior to that deadline.  However, the court finds that there is good cause to extend the discovery deadline for the limited purpose of complying with this order.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") and recommends that the discovery cutoff date be extended for that purpose.

### III. Conclusions

Accordingly, it is hereby ORDERED that plaintiffs' motion to compel (ECF No. 46) is granted, and defendant shall produce further responses to the plaintiffs' discovery requests within 21 days of the date of this order.

1    Further, it RECOMMENDED that the discovery deadline be extended for the limited
2 purpose of allowing compliance with this order.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after
5 being served with these findings and recommendations, any party may file written objections with
6 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158
9 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: April 11, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE