UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, individuals, on behalf of themselves and all persons similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., a corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-2113-MCE-EFB<br><br>ORDER |

This case was before the court on June 22, 2016, for hearing on plaintiffs' motion for sanctions (ECF No. 59), and on August 10, 2016, for hearing on plaintiffs' motion to compel defendant's compliance with the court's April 11, 2016 discovery order (ECF No. 73). *See* ECF No. 52. Attorney Victoria Rivapalacio appeared on behalf of plaintiffs; attorney Thomas Hill appeared on behalf of defendant. For the reasons stated on the record, plaintiffs' motion to compel defendant's compliance with the court's April 11, 2016 order (ECF No. 73) is granted. As ordered at the hearing and memorialized herein, by no later than September 21, 2016, defendant shall produce the time records (i.e., handwritten time sheets) of the class members. Furthermore, for the reasons explained below, plaintiff's motion for sanctions is denied.

1

I.    Background

Plaintiffs bring this wage and hour class action suit against defendant Illinois Tool Works, Inc. ("ITW"), alleging claims for (1) unfair business practices, (2) failure to pay overtime, (3) failure to issue accurate itemized wage statements, and (4) failure to pay wages due at separation of employment.  ECF No. 1-1.  The complaint also seeks relief under the California's Private Attorney General Act of 2004.  *Id*.  The court previously issued a scheduling order that bifurcated the discovery process and limited all discovery in Phase I to facts relevant to whether this action should be certified as a class action.  ECF No. 21.  This first phase of discovery has been contentious, resulting in numerous discovery related motions, including several motions to compel (ECF Nos. 22, 41, 46, 73, 74), a motion for reconsideration (ECF No. 39), a motion to modify an order requiring defendant to produce documents, (ECF No. 58), as well as the instant motion for sanctions.

Plaintiffs' pending motion seeks the imposition of sanctions against defendant under Federal Rule of Civil Procedure 37 due to defendant's failure to timely comply with two discovery orders.  ECF No. 59.  Specifically, plaintiffs request that the court strike defendant's answer and enter its default for its failure to timely comply with the court's December 8, 2015 and April 11, 2016 orders.  As explained below, the severe sanctions sought are not warranted under the circumstances.

On December 8, 2015, the court granted in part plaintiffs' motion to compel defendant's response to discovery requests.  ECF No. 25.  Of significance here, defendant was ordered to produce, within 7 days, its statewide policies for employees' meal and rest breaks.  *Id*.  Defendant sought reconsideration of that order from the assigned district judge.  ECF No. 39.  Although that motion was denied on February 5, 2016 (ECF No. 42), plaintiffs contend that defendant did not fully comply with that order until May 13, 2016 (ECF No. 59-1 at 2).  They explain that defendant initially produced redacted documents and that it was not until after plaintiffs voiced complaints that defendant's removed redactions from the relevant parts of the documents.  *Id*.  Plaintiffs contend, however, that they were prejudiced by the untimely production because by May 13, 2016, they had already completed eight depositions of Rule 30(b)(6) witnesses.  *Id*.

2

Plaintiffs also argue that defendant failed to comply with the court's April 11, 2016 order, which required defendant to produce, among other things, class members' wage statements, time records, and schedules. ECF No. 52. Plaintiffs argues that without these records, they "have not been able to fully prepare for depositions, cross-reference testimony provided by the corporate witnesses, rebut testimony provided by the corporate witnesses to the extent any inconsistencies exists, or authenticate documents which have not yet been produced by Defendant." ECF No. 59-1 at 9.

II.     Discussion

Rule 37(b)(2)(A) provides that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." An order may include striking pleadings and rendering a default judgment against a disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). To justify case-dispositive sanctions, "the district court must find that the violations were 'due to willfulness, bad faith, or fault of the party.'" *Commodity Futures Trading Comm'n v. Noble Metals Intern., Inc.*, 67 F.3d 766 (9th Cir. 1995).

In assessing whether case-dispositive sanctions are appropriate, courts employ a five-part test, with three subparts to the fifth part:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation marks and citations omitted). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of

3

less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

Here, it is clear that defendant failed to timely comply with the court's December 8 order. In its opposition, defendant concedes that on May 13, 2016, it produced excerpts from policy manuals related to work shifts and operating hours for some of its California business units. ECF No. 62 at 16. Defendant contends that it was not required to produce these policy manuals excerpts in response to the court's April 11 order because they did not constitute work schedules. *Id*. Defendant claims, however, that it produced these documents "in a demonstration of its ongoing good faith in discovery." Defendant's argument completely ignores its obligation pursuant to the December 8 order to produce its statewide policies for employees' meal and rest breaks. Thus, while the production of such document may not have been required by the April 11 order, the production was mandatory under the December 8 order.[1]

Furthermore, there can be no dispute that defendant has yet to fully comply with the court's April 11 order. This case was before the court on August 10, 2016, for hearing on plaintiff's motion to compel defendant's compliance with the court's April 11 order. As stated on the record at that hearing, the April 11 order required defendant to produce documents evidencing the hours worked by class members in the format the documents are typically maintained. Defendant, however, only produced responsive documents available in electronic format, and declined to produce any time sheet maintained on paper. These paper documents were responsive to plaintiff's discovery requests and the failure to produce them violated the court's April 11

---

[1] Defendant also argues that at a hearing in April plaintiffs' counsel confirmed to the court that defendant had complied with the December 8 discovery order by producing meal and rest period policies. ECF No. 62 at 13. Defendant mischaracterizes the statements that were made at the hearing. Plaintiffs' counsel merely agreed with the court's summary of the case's procedural history and did not specifically represent that defendant had fully complied with the December order. ECF No. 56 at   Moreover, in light of defendant's tacit concession that it did not fully comply with the order until May 13, 2016, which was well after the district judge denied its motion for reconsideration, the argument is unpersuasive. *See* ECF No. 42.

order. As stated at the hearing, defendant was ordered to produce all time records (i.e., handwritten time sheets) of the class members by September 21, 2016.

Because defendant violated the court's orders, the appropriateness of case-dispositive sanctions turns on the prejudice to the plaintiffs and the availability of less drastic sanctions, *Payne*, 121 F.3d 507, with the central focus on "whether the discovery violations threaten to interfere with the rightful decision of the case," *Valley Engineers Inc.*, 158 F.3d at 1057 (quotations omitted). As a threshold matter, there is no dispute that defendant has now fully complied with the December order. Defendant has also produced wage statements (ECF No. 71) and schedules (ECF No. 64 at 9), and is in the process of producing all time records for class members as required by the April discovery order. ECF No. 52. Accordingly, plaintiffs will, albeit belatedly, receive all the discovery it requested.

However, "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[l]ate tender is no excuse." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "The law also presumes prejudice from unreasonable delay." *Id*. Defendant "may proffer an excuse for delay that, if 'anything but frivolous,' shifts the burden of production to [plaintiffs] to show at least some actual prejudice." *Id*.

Plaintiffs establish that they have suffered some prejudice based on defendant's failure to timely comply with the court's order. Plaintiffs explain that they have already deposed a number of defendant's corporate witnesses and that defendant's failure to produce responsive documents prejudiced their ability to prepare for and take these depositions. ECF No. 59-1 at 7, 9. Plaintiffs further argues that they did "not have the luxury of postponing the depositions in order to re-litigate motion to compel" that were previously decided in their favor as their class certification motion must be filed by September 2, 2016.

Notwithstanding any prejudice plaintiffs suffered, the draconian sanctions plaintiffs seek are not warranted. Although defendant's failure to timely comply with the court's orders is inexcusable, defendants have since produced all responsive documents with the exception of class members' time sheets, which will be produced by September 21, 2016. While this late

/////

production surely impacted plaintiffs' ability to prepare its motion for class certification, the court cannot find that the discovery violations substantially interfered with the rightful decision of the case.[2] *See Valley Engineers Inc.*, 158 F.3d at 1057 (quotations omitted). Accordingly, plaintiffs' motion for case dispositive sanctions is denied.

Nevertheless, the court finds that plaintiff is entitled to recover the reasonable expenses they incurred in bringing two of their motions to compel. *See* Fed. R. Civ. P. 37(a)(5)(A) (If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The court granted in full plaintiffs' March 9, 2016 motion to compel further discovery responses and their July 20, 2016 motion to compel compliance with the court's April 11, 2016 order. Plaintiffs are entitled to the reasonable expenses incurred in bringing these motions. Accordingly, within 7 days of this order, plaintiffs' counsel shall submit a declaration detailing the expenses incurred in litigating these motions. Defendant may submit a response to counsel's declaration seven days thereafter.

III.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion for sanctions (ECF No. 59) is denied;

2. Plaintiffs' motion to compel defendant's compliance with the court's April 11, 2016 order (ECF No. 73) is granted. As ordered in open court and agreed to by the parties, by no later than September 21, 2016 (six weeks from the date of the hearing, *see* ECF No. 84 at 19:13-14, ECF No. 83), defendant shall produce the time records (i.e., handwritten time sheets) of the class members;

3. Within 7 days of this order, plaintiffs' counsel shall submit a declaration detailing the reasonable expenses plaintiffs incurred in litigating their March 9, 2016 and July 20, 2016 motions to compel (ECF Nos. 46, 73);

---

[2] Plaintiffs filed their motion for class certification on September 2, 2016.

4. Defendant may submit a response to counsel's declaration within 7 days thereafter.

DATED: September 20, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE