UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., a corporation, and DOES 1 through 50 Inclusive,<br><br>Defendant. | No. 2:14-cv-02113-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

In this action Plaintiffs challenge the sufficiency of the wage statements Defendant provided to certain of its employees and Defendant's meal break policies at one of its California plants. On February 17, 2017, this Court certified Plaintiffs' two proposed classes based on these two claims. ECF No. 99. Plaintiffs have now moved for approval of their proposed form of class notice. ECF No. 100.[1]

The parties have agreed on the form of class notice in all respects except the use of opt-out postcards. Plaintiffs "object[] to the use of a postcard," and if postcards are to be included, they request the following two sentences be included on those cards:

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

1

> I understand that if I send in this postcard I will not receive any money from this case. I understand that by opting out I will have to file a claim with the Labor Commissioner or hire my own attorney at my own expense to file a lawsuit on my behalf in order to prosecute my claims.

Pls.' Reply, ECF No. 103, at 2.

Plaintiffs' original proposed class notice included reference to an opt-out postcard,[2] but Plaintiffs now oppose their use. Pls.' Reply, at 2. Plaintiffs explain this change as follows: "While the initial motion contemplated using a postcard, Plaintiff[s] further researched the issue and found opinions by California District Courts holding that postcards can cause class members to be confused and encourage them to unwittingly opt out of class actions." Id. While it is true that use of opt-out postcards can be confusing, see, e.g., Stafford v. Brink's, Inc., 2016 WL 6583046, at * 2 (C.D. Cal. Mar. 8, 2016) ("[T]he Court is concerned that the opt-out postcard may be confused for the settlement claim forms that Defendant previously mailed . . . ."), Plaintiffs have provided no explanation for why they would be confusing here. Indeed, Plaintiffs explain their change of heart as motivated not by any specific concern of confusion, but only by their discovery of cases saying that postcards can be confusing. The cases Plaintiffs cite, however, do not stand for any general proposition that opt-out postcards are per se confusing. Indeed the Federal Judicial Center's Manual for Complex Litigation states that "[a] simple and clear form for opting out is often included" with notices of class actions. Manual for Complex Litigation (Fourth) § 21.311, at 289 (2004).

The Court finds that, here, opt-out postcards will likely lessen confusion, not create it. The agreed-upon class notice provides two separate forms for the two separate certified classes. See Def.'s Opp'n, at 1–3. However, 23 of the 185 class members belong to both classes. Given this overlap between the two classes, greater clarity will result from including opt-out postcards that identify the relevant class an individual is opting out of. The opt-out postcards Defendant provides clearly articulate

---
[2] Plaintiffs' Motion included a proposed form of class notice, which had been sent to Defendant's counsel a week prior without objection. Mot. for Approval of Notice of Class Action, at 3. The parties subsequently corresponded and agreed to several modifications. Def.'s Opp'n, ECF No. 102, at 2–3.

which class the individual wants to not be a part of: "By this postcard, I am electing not to participate in the above-referenced Class Action, and to opt out of the Meal Period Class." or "By this postcard, I am electing not to participate in the above-referenced Class Action, and to opt out of the Wage Statement Class."

Finally, the Court turns to the proposed language that Plaintiffs request be included on any opt-out postcard. Notice provided to class members should "contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." <u>Retiree Support Grp. v. Contra Costa County</u>, No. 12-cv-00944-JST, 2016 WL 4080294, at *6 (N.D. Cal. July 29, 2016) (quoting <u>In re Nissan Motor Corp. Antitrust Litig.</u>, 552 F.2d 1088, 1104 (5th Cir. 1977)). Plaintiffs' proposed language is not objective or neutral, but misleading and likely to unduly influence class members' decisions of whether to opt-out of the class. The language heavily implies that class members are guaranteed some amount of money ("I <u>will</u> not receive any money") and that class members will be required to take some affirmative action if they opt out ("I <u>will</u> have to file a claim with the Labor Commissioner or hire my own attorney at my own expense"). Thus, the Court rejects Plaintiffs' proposed language.

Accordingly, (1) the Court approves the class notice provided by Defendant, Hill Decl., ECF No. 102-1, Exs. 1–2, which reflects both the parties' agreement and the use of opt-out postcards without Plaintiffs' proposed language; (2) Defendant shall disclose all class members' contact information to Class Counsel; and (3) the Class Notice shall be mailed within thirty (30) days

IT IS SO ORDERED.

Dated: April 28, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE