# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ILLINOIS TOOL WORKS INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. 14-CV-02113-MCE-EFB<br><br>Assigned to the Hon. Morrison C. England<br><br>**ORDER:**<br><br>**(1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT;**<br><br>**(2) APPROVING CLASS NOTICE AND RELATED MATERIALS;**<br><br>**(3) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br><br>**(4) SCHEDULING FINAL APPROVAL HEARING**<br><br>Hearing Date: June 28, 2018<br>Case filed: March 27, 2014 |

ORDER GRANTING PRELIMINARY APPROVAL

Presently before the Court is Plaintiffs Juan Orozco and Juan Orozco-Briseno ("Plaintiffs") motion for preliminary approval of the parties' proposed class settlement, approval of the notice to be sent to the class about the settlement, and the setting of a date for the hearing on final approval of the settlement.

The Court having read and considered the papers on the motion, the record, and the law, and good cause appearing therefore, it is hereby ordered that:

1. The Court has jurisdiction over this action and the parties' proposed settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

2. On November 15, 2016 and February 17, 2017 [ECF Nos. 93 and 99], the District Court granted the motions to certify the Class. The Order dated November 15, 2016 certified the Wage Statement Class consisting of "all individuals who are or previously were employed by Defendant . . . in California as non-exempt employees during the period March 27, 2013 to the present who received a wage statement that reflects a second overtime payment." ECF No. 93. The Order dated February 17, 2017 certified the UCL Class consisting of "all individuals who are or previously were employed by Defendant Illinois Tool Works, Inc. . . . in California as non-exempt employees during the period March 27, 2010 to the present who worked at Rippey as Material Processors." ECF No. 99.

3. The parties' Class Action Settlement Agreement (the "Agreement") (Declaration of Kyle Nordrehaug ["Nordrehaug Decl."], Exh. 1) is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

(1) the strength of the plaintiffs' case;
(2) the risk, expense, complexity, and likely duration of further litigation;
(3) the risk of maintaining class action status throughout the trial;
(4) the amount offered in settlement;
(5) the extent of discovery completed and the stage of the proceedings;
(6) the experience and views of counsel;
(7) the presence of a governmental participant; and
(8) the reaction of the class members to the proposed settlement.

5. The Court has weighed these factors and finds that consideration of the factors supports the proposed settlement as fair, reasonable, and adequate.

6. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Class Settlement (Agreement, Exh. 1) is sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

7. Any Class Member who does not request exclusion will receive a Settlement Payment and be bound by the terms and conditions set forth in the parties' Settlement Agreement, including but not limited to the Released Claims provisions.

8. Any Class Member who wishes to comment on or object to the Settlement or Class Counsel's attorneys' fee and costs, or who elects not to participate in the Settlement has until 45 days after the mailing of the Notice of Class Settlement to submit his or her comment, objection, or request for exclusion pursuant to the procedures set forth in the Notice of Class Settlement. Class Counsel must file their application for the attorneys' fees and costs no later than fourteen (14) days prior to the end of the objection period, and the application will be heard at the Final Approval Hearing

9. KCC Class Action Services is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

10. The Notice of Class Settlement will be disseminated according to the notice plan described in the Agreement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

11. The Defendant is ordered to provide the Settlement Administrator the Class Data as specified by the Agreement no later than twenty (20) days after the date of this order.

12. The Settlement Administrator is directed to mail the approved Class Notice of Class Settlement by first-class mail to the Class Members no later than fifteen (15) days after receipt of the Class Data from Defendant.

13. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten (10) business days following the submission of the Agreement to the Court, Defendant shall serve upon the Attorney General of the United States and the appropriate State official of California a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. § 1715.

14. A final hearing will be held on May 2, 2019, at 2:00 p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for Enhancement Awards and Class Counsel's request for the attorneys' fees and costs. Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Enhancement Awards and Class Counsel's request for the attorneys' fees and costs, if they so desire, as set forth in the Notice of Class Settlement.

15. Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Enhancement Awards and Class Counsel's request for the attorneys' fees and costs. For any comments or objections

to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection. Comments or objections to the Settlement or to the Enhancement Awards and Class Counsel's request for the attorneys' fees and costs must be filed with the Court, and mailed to Class Counsel, not later than 45 days after mailing of the Notice of Class Settlement.

16. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated: December 29, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE