UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO and JUAN OROZCO-BRISENO, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS TOOL WORKS INC., a corporation, and DOES 1 through 50 Inclusive,<br><br>Defendant. | No. 14-cv-02113-MCE-EFB<br><br>**ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |

On May 2, 2019, a hearing was held on Juan Orozco and Juan Orozco-Briseno's ("Plaintiffs") Motion for Final Approval of Class Settlement (the "Settlement") (ECF No. 132) and Motion for Attorney Fees and Costs concerning payments to Plaintiffs, Class Counsel, and the Settlement Administrator. ECF No. 130. Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for Plaintiffs; and Holland & Knight appeared for Defendant Illinois Tool Works Inc. ("Defendant").

The Parties have submitted their Settlement, which this Court preliminarily approved by its January 2, 2019, Order (ECF No. 129) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been

1

1 | given notice of the terms of the Settlement and the opportunity to comment on or object
2 | to it or to exclude themselves from its provisions.  Having received and considered the
3 | Settlement, the supporting papers filed by the Parties, and the evidence and argument
4 | received by the Court before entering the Preliminary Approval Order and at the final
5 | approval hearing, the Court GRANTS final approval of the Settlement, enters this Final
6 | Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement")

2. The Court has jurisdiction over this action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. For settlement purposes, the Court confirms the certification of the Class defined as: "all individuals who are members of either of the two classes previously certified by the Court, i.e., (1) the Wage Statement Class, and (2) the UCL Class." The "UCL Class" means all individuals who are or previously were employed by ITW in California as non-exempt Materials Processors at ITW Rippey from March 27, 2010 through October 25, 2017.  The "Wage Statement Class" means all individuals who are or previously were employed by ITW in California as non-exempt employees during the period from March 27, 2013 through October 25, 2017, and who received a wage statement reflecting a second overtime payment expressed solely as a lump sum.

4. Pursuant to this Preliminary Approval Order, the Notice of Class Settlement was sent to each class member by first-class mail.  The Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.

5.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6.     Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA"), Defendant mailed Notice of the proposed settlement to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides according to Defendant's records on January 9, 2019. Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied.

7.     No Class Members filed written objections to the proposed settlement as part of this notice process.  No Class Member requested exclusion, and as a result, the entire Class will participate in the Settlement.

8.     For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9.     The Court finds and determines that the Gross Settlement Amount in the amount of $ 600,000 and the Settlement Payments to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable.  The Court hereby GRANTS final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement.

10.    The Court finds and determines that the fees and expenses of KCC Class Action Services in administrating the settlement, in the amount of $20,000, are fair and

reasonable. The Court hereby GRANTS final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

11. The Court finds and determines that the request by Plaintiffs and Class Counsel to the Enhancement Awards and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby GRANTS final approval to and orders that the payment of the requested amounts of $15,000 each for the Enhancement Awards to the Plaintiffs, $198,000 for attorneys' fees to Class Counsel, and $72,252.26 for litigation expenses be paid out of the Gross Settlement Amount in accordance with the Settlement.

12. As of the Effective Date as defined in the Agreement, all members of the Wage Statement Class who do not timely opt-out shall individually and on behalf of all their respective successors, assigns, agents, attorneys, executors, heirs and personal representatives, fully and finally release and discharge the Released Parties, and each of them, from the "Released Wage Statement Claims" defined as: only those claims that were or could have been alleged in the Complaints in the Civil Action and/or the PAGA Letter under any local law, state law, federal law, common law, equity or other theory, arising in any way from the receipt or non-receipt of wage statements by those Wage Statement Class Members, or the content or lack of content of any wage statements received by those Wage Statement Class Members for the period from March 27, 2013 through October 25, 2017. This release shall only extend to Released Wage Statement Claims that accrued during the Wage Statement Class Period. Notwithstanding the foregoing, the Released Wage Statement Claims do not include any individual claim under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as to a Wage Statement Class Member who does not opt-in to the Settlement by cashing, depositing, or endorsing his or her Settlement Payment check. As of the Effective Date as defined in the Agreement, all members of the UCL Class who do not timely opt-out shall individually and on behalf of all their respective successors, assigns, agents,

attorneys, executors, heirs and personal representatives, fully and finally release and discharge the Released Parties, and each of them, from the "Released UCL Claims" defined as: only those claims that were or could have been alleged in the Complaints in the Civil Action and/or the PAGA Letter under any local law, state law, federal law, common law, equity or other theory, arising in any way from the provision or non-provision of meal and/or rest breaks to those UCL Class Members, or the timing or length of any meal and/or rest breaks provided to those UCL Class Members for the period from March 27, 2010 through October 25, 2017. This release shall only extend to Released UCL Claims that accrued during the UCL Class Period. Notwithstanding the foregoing, the Released UCL Claims do not include any individual claim under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to a UCL Class Member who does not opt-in to the Settlement by cashing, depositing, or endorsing his or her Settlement Payment check.

13. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payment in accordance with the Agreement.

14. If, for any reason, the Settlement ultimately does not become final and effective pursuant to the Agreement, this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

15. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendant.

16. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

18. Plaintiffs' Motions for Attorney's Fees (ECF No. 130) and Final Approval of Class Action Settlement (ECF No. 132) are GRANTED. The Parties are hereby ORDERED to comply with the terms of the Agreement.

19. This action is DISMISSED with prejudice as to the Released Claims, and all other claims not covered by the scope of the release in the Agreement, are DISMISSED without prejudice.

20. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: May 2, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE